[No. F007764. Fifth Dist. Nov. 8, 1986.]

NYRAH ANN BRAZELL, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Gerald F. Sevier, Public Defender, Neal Pereira, Assistant Public Defender, and David M. Liebowitz, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, James T. McNally and Thomas Y. Shigemoto, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**THE COURT.**\*—Petitioner seeks a writ of mandate directing the trial court to grant her motion to dismiss the murder charges pending against her.

### FACTS

On November 4, 1985, petitioner was arraigned on an amended complaint alleging multiple violations of both the Penal Code and the Vehicle Code arising out of a traffic collision. In two counts of that complaint petitioner was charged with murder pursuant to Penal Code section 187 based upon the deaths of Monty Conley and Joe Landin which occurred as a result of the collision.

Following a preliminary examination, petitioner was held to answer on all charges.

---

\*Before Brown (G. A.), P. J., Best, J., and Azevedo, J.†

†Assigned by the Chairperson of the Judicial Council.

On January 6, 1986, petitioner was arraigned on an information which included the murder charges.

On April 22, 1986, the superior court granted petitioner's motion pursuant to Penal Code section 995 to dismiss the information. A copy of the superior court's ruling is attached to this opinion as exhibit 1.

On April 25, 1986, petitioner was arraigned on a new complaint which alleged the dismissed counts.

On July 22, 1986, following a second preliminary hearing the magistrate ruled as follows: "I'm not going to hold her to answer on [the murder charges] on my comments. She will be ordered to appear in the Superior Court to answer to the rest of the charges."

On August 6, 1986, petitioner was arraigned in respondent court on an information which realleged the murder charges.

On September 11, 1986, petitioner filed a motion to dismiss the murder charges pursuant to Penal Code section 1387. Respondent court denied that motion by an order filed on September 23, 1986, and an amendment rendered on October 3, 1986.

### DISCUSSION

Penal Code section 1387 provides in pertinent part as follows: "An order terminating an action pursuant to . . . Section . . . 871, . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to . . . Section . . . 995 . . . .

"However, if the previous termination was pursuant to Section . . . 995, the subsequent order terminating an action is not a bar to prosecution if:

".. . . . . . . . . . . . . . . . . . . . . . . .

"(b) The motion pursuant to Section 995 was granted because of any of the following reasons:

".. . . . . . . . . . . . . . . . . . . . . . . .

"(3) Ineffective assistance of counsel."

■ Section 1387 ". . . applies to bar the inclusion of counts of an information as well as to bar an entire information." (*Dunn* v. *Superior Court* (1984) 159 Cal.App.3d 1110, 1114 [206 Cal.Rptr. 242].)

The first termination of the murder charges against petitioner occurred on April 22, 1986, when the superior court granted petitioner's motion pursuant to Penal Code section 995.

This court rejects real party's contention that the April 22, 1986, termination was based upon "ineffective assistance of counsel" so as to come within the exception contained in Penal Code section 1387, subdivision (b)(3) which is quoted above. It is apparent from the terms of that ruling that it was based solely upon the magistrate's error in failing to grant petitioner's motion for a continuance; that ruling expressly stated that "there was nothing in the record . . . to indicate any lack of good faith or absence of due diligence by defense counsel." Although respondent court determined in passing upon petitioner's section 1387 motion that the April 22, 1986, ruling came within the exception in subdivision (b)(3), respondent court characterized the performance of petitioner's counsel at the first preliminary examination as ". . . the (forced) in-effectiveness of counsel." On October 3, 1986, respondent court clarified its ruling as follows: "Secondarily, the record should reflect specifically that the court finds that the only reason that counsel was incompetent [at the first preliminary hearing] was due to the erroneous action of the magistrate below."

The exception contained in Penal Code section 1387 provides that the granting of a section 995 motion will not count toward barring a prosecution if it was based upon the "ineffective assistance of counsel."

The phrase "ineffective assistance of counsel" has been used by the courts in the context of incompetence of trial counsel or situations where counsel has acted against the interests of his client. (E.g., *Strictland* v. *Washington* (1984) 466 U.S. 668, 686 [80 L.Ed.2d 674, 692, 104 S.Ct. 2052]; *People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].) That phrase has thus acquired a particular meaning by judicial decision which the Legislature is presumed to know when it enacted the exception in Penal Code section 1387, subdivision (b)(3). (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241].) It is ". . . well established that where the legislature uses terms already judicially construed, 'the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts.'" (*City of Long Beach* v. *Marshall* (1938) 11 Cal.2d 609, 620 [82 P.2d 362].) Therefore, the incorporation of the phrase "ineffective assistance of counsel" in Penal Code section 1387 indicates a legislative intent that the exception only applies where an error is committed by counsel. (*Stafford* v. *Realty Bond Service Corp., supra; City of Long Beach* v. *Marshall, supra.*)

While the phrase "denial of effective counsel" has been applied to errors committed by a court which prevents counsel from adequately serving the

client's interests (e.g., *In re Ali* (1964) 230 Cal.App.2d 585, 591 [41 Cal.Rptr. 108]), the absence of such language in Penal Code section 1387 indicates that the Legislature did not intend the exception to have such a broad application. ■ Moreover, such a construction must be rejected because this court is required to resolve any ". . . reasonable doubt concerning the meaning of a penal statute . . . in favor of the defendant." (*Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 145-146 [197 Cal.Rptr. 79, 672 P.2d 862].)

■ This court concludes that the exception contained in subdivision (b)(3) is inapplicable where the prior dismissal was predicated upon an error committed solely by a court. (Cf. *Carlos* v. *Superior Court, supra,* 35 Cal.3d 131, 145-146.)

■ The second termination occurred on July 22, 1986, when the magistrate at the second preliminary hearing declined to hold petitioner to answer on the murder charges even though the magistrate did not ". . . reduce his or her decision of dismissal to writing." (*In re Williams* (1985) 164 Cal.App.3d 979, 983 [211 Cal.Rptr. 32].)

". . . [A] failure or refusal to hold [to answer], even without a formal order of dismissal, constitutes a termination of the action within the meaning of section 1387." (*In re Williams, supra,* at p. 983.)

The fact that on July 22, 1986, the magistrate also held petitioner to answer upon the other charges does not affect our conclusion that the murder counts were dismissed. (*Ramos* v. *Superior Court* (1982) 32 Cal.3d 26, 34 [184 Cal.Rptr. 622, 648 P.2d 589].)

This court concludes that the trial court abused its discretion in denying petitioner's motion to dismiss the murder charges pursuant to Penal Code section 1387.

Let a peremptory writ of mandate issue directing the trial court to vacate its orders of September 23, 1986, and October 3, 1986, denying petitioner's motion to dismiss counts I and II of the information alleging violations of Penal Code section 187, and to enter a new order granting said motion *only* insofar as it seeks a dismissal of said murder charges.

The order filed on October 30, 1986, staying any trial upon the murder charges shall remain in effect only until this opinion is final in all courts of this state, the Supreme Court grants a hearing herein or respondent court

complies with the directions in this opinion, whichever shall first occur; thereafter said stay is dissolved.

A petition for a rehearing was denied December 3, 1986, and petitioner's application for review by the Supreme Court was denied December 16, 1986.

802

(ENDORSED)

FILED
TULARE COUNTY

APR 22 1986

JAY C. BAYLESS. CLERK
BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF TULARE

| The People of the State of California | No. 23657 |
|---|---|
| Plaintiff, | Ruling on P.C. 995 Motion |
| vs. | |
| Nyrah Ann Brazell, | |
| Defendant. | |

A defendant is denied a substantial right and is therefore not legally committed by a magistrate, if he is not given a reasonable opportunity to prepare an affirmative defense for his preliminary hearing. Jennings v. Superior Court (1967) 66 C.2d 867, and the Court's discretion to grant or deny a continuance may not be exercised in such a manner as to deprive the defendant of a reasonable opportunity to prepare his defense. Wizar v. Superior Court (1981) 124 CA3d 190,195.

In the Wizar case the defendant's motion for a continuance of the preliminary hearing was properly denied because no explanation was offered to the magistrate as to why the two defense witnesses could not have been discovered and interviewed earlier. Wizar, Supra, 196. In the instant

-1-

case, the defendant Brazell had no prior knowledge of the witness, Phil Makinson. He surfaced on the second day of the preliminary hearing, and defendant's attorney had no reasonable opportunity to interview the witness or to investigate new possibilities in the defense case raised by Makinson's statement.

The defendant is entitled to present witnesses in her own behalf, Theodor v. Superior Court (1972) 8 C.3d 77, 90, and the right to the opportunity of reasonable discovery prior to and even during the hearing. Theodor, Supra, 90; People v. Hertz (1980) 103 CA3d 770, 776. Additionally, defendant is not required, during the preliminary hearing stage, to comply with the rigid requirements of Penal Code Section 1050, and in the instant case, there was nothing in the record concerning the continuance motion, to indicate any lack of good faith or absence of due diligence by defense counsel.

The next day after the prosecution took Makinson's statement, they gave a copy of it to the defense. Defendant's attorney, David Liebowitz, immediately asked for a continuance and gave his reasons. (R/T P.5) In support of his motion, he stated to the magistrate that "what I do and how I proceed here I believe this would materially alter the way I would proceed and even cross-examine." (R/T P.6) "I'm going to indicate to this Court I'm not going to be able to complete today and fully do what I need to do." (R/T P.6) Mr. Liebowitz offered to provide the magistrate in camera session, with further specifics on the defense theory so the prosecution would not discover the defense strategy. This offer was

OR COURT
OF COUNTY
CALIFORNIA

804

not acceptable to the magistrate and he denied the motion for continuance, after making the following comments:

COURT: "The Court's feeling here is that, of course, we're in the middle of a preliminary hearing. We've taken substantial amounts of testimony. Having the transcript prepared for the previous day, it looks like we've had one, two, three, four, five, six, seven different . .. . middle of the eighth person to testify. Obviously you have cross-examined all of those. We're not in a position because there has been new evidence found to say throw out their testimony or anything like that.

You would, of course, have the right to recall them. I assume you've had a chance to review this report, you've received?"

LIEBOWITZ: "Yes."

COURT: "Had a chance perhaps to investigate it?"

LIEBOWITZ: "No chance to investigate, Only the chance to review."

COURT: "It's the Court's position that this would not amount to good cause for a continuance and that we should proceed at this point with the preliminary hearing. I would deny the motion to continue." (R/T P. 10)

Near the conclusion of the preliminary hearing, the magistrate asked the defense if an affirmative defense would be presented. (R/T P. 84)

LIEBOWITZ: "Only if I can have a continuance, your Honor.

-3-

Back to square one. I have to check out some information."

COURT: "Well the Court has already made the ruling to deny a motion for continuance based on this. I understand that you have received some new information, but the Court does not see that as a reason to continue the preliminary hearing."

LIEBOWITZ: "Then I guess I have no affirmative defense."

The record discloses that the magistrate read Mr. Makinson's 17 page statement. That statement, if believed, clearly discloses the reasonable probability of an affirmative defense. The statement plainly reveals the need, by the defendant, to investigate and follow up on these new factual issues contained in it. A scrutiny of the magistrate's reasons for denying the continuance suggests that he did not properly weigh and consider two factors: (1) further discovery, and (2) presentation of an affirmative defense. The magistrate's comments indicate his misconception that the continuance would not enable the defendant to "throw out" the testimony of the prosecution witness. The defendant need not establish this heavy a burden to justify a continuance. The defendant need only show what she, in fact, did in this case, that the new evidence would materially alter the way she would proceed in her defense at the preliminary hearing. In this regard, her attorney said he needed more time to investigate the factual circumstances contained in Makinson's statement and that an affirmative defense might develop from this new evidence. The magistrate, in explaining his denial, did not

-4-

refer to the issue of discovery or affirmative defense. Instead he suggested that the new evidence would not be sufficient to "throw out their testimony or anything like that."

Where the magistrate's comments, as in the instant case, indicate misconception of his duty in viewing matters which upon a proper view may have given a different result, and prejudice to the defendant occurred as a result thereof, i.e., her inability to pursue discovery or to present an affirmative defense; then she has been denied a substantial right, resulting in an unlawful commitment.

Defendant's motion pursuant to Penal Code Section 995 is granted, and the trial date of May 12, 1986, is vacated.

Dated: April 2 2, 1986.

DAVID L. ALLEN
Judge of the Superior Court

-5-