## McCASHLAND v. KEOGH et al.

No. 1771. Decided December 13, 1906 (88 Pac. 680).

1. APPEAL—JURISDICTION—DETERMINATION. — The Supreme Court is bound to take notice of a jurisdictional defect precluding it from determining an appeal whether the question was raised by the parties or not.

2. SAME—AMOUNT IN CONTROVERSY.—Laws 1903, page 48, chapter 52, authorizes appeals from final judgments in the district court rendered on appeals from city courts, except when the judgment of the district court does not exceed one hundred dollars, exclusive

of costs. *Held*, that a judgment of nonsuit rendered against plaintiff on appeal from a city court, in an action in which plaintiff sought to recover two hundred dollars for services rendered, was not appealable.[1]

ON REHEARING.

3. COURTS—STATE SUPREME COURT—JURISDICTION — CONSTITUTIONAL PROVISIONS.—Constitution, article 8, section 9, authorizing an appeal from all final judgments of the district courts to the Supreme Court, is applicable only to final judgments in actions originally begun in the district court and does not apply to proceedings taken to the district court by appeal.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by Dolly McCashland against P. S. Keogh and another. From a judgment of nonsuit of the district court of Salt Lake county on appeal from the city court of Salt Lake City, plaintiff appeals.

DISMISSED.

*D. B. Shields* and *Snyder & Snyder* for appellant.

*Sutherland, Van Cott & Allison* for respondents.

APPELLANT'S POINTS.

Full performance by plaintiff removes the case from the operation of the statute. (29 Enc. Law, p. 811, note 8. *Lowman v. Sheets,* 124 Ind. 416; *Fraser v. Gates,* 118 Ill. 99, 1 N. E. 817; *Bless v. Jenkins,* 129 Mo. 647, 31 N. W. 938; *Lally v. Crookston Lbr. Co.* [Minn.], 88 N. W. 846; 3 Current Law, p. 1527, note 59. *Blanton v. Knox,* 3 Mo. 342; *Pitcher v. Wilson,* 5 Mo. 48; *Suggett v. Cason,* 26 Mo. 221; *Self v. Cordell,* 45 Mo. 345; *McConnell v. Brayner,* 63 Mo. 461; *Mitchell v. Branham* [Mo.], 79 S. W. 739.)

[1] *Garcia* v. *Free,* 31 Utah 389, 88 Pac. 30.

If we concede that the contracts sued on in this case were originally within the statute, and therefore unenforcible, still we insist that by permitting full compliance by appellants, respondents have waived the right to claim the benefits of the statute, even if they had pleaded it. (*McCutcheon v. Caldwell* [Ky. App.], 13 S. W. 1072; *Lally v. Lbr. Co.* [Minn.], 88 N. W. 846; *Spinney v. Hill,* 81 Minn. 316, 84 N. W. 116.) Respondents permitted appellant to fully perform and, after receiving the benefits of that performance, and encouraging it by partial performance on their part, now seek to avoid liability by claiming the benefits of the statute. That they should not be permitted to do this, see *Crane v. Powell,* 139 N. Y. 389, 34 N. E. 911; *Lally v. Lbr. Co.,* supra; *Keller v. Bley,* 15 Or. 429, 15 Pac. 707; *Kriger v. Leppel,* 42 Minn. 6, 43 N. W. 484.

The statute of fraud must be pleaded. This court has announced the rule in very positive terms that the statute of frauds, if relied upon as a defense, must be pleaded. In *Abba v. Smith,* 21 Utah 109, 119, it is said: "The plea of the statute of frauds is a personal privilege which a party may waive, and by failing to specifically plead it as a defense, defendant could not afterward avail himself of its benefits. This is the general and approved rule." 9 Enc. of Pl. and Pr., pp. 705, 715, 716; *Lauer v. Richmond Inst.,* 8 Utah 305, 308. *Lawrence v. Chase,* 54 Me. 196; *Lewis v. Teal* [Ala.], 2 So. 903; *Espalla v. Wilson,* 86 Ala. 487, 5 So. 867; *Crane v. Powell,* 139 N. Y. 389, 34 N. E. 911; 3 Current Law, p. 1534, sec. 13; 9 Enc. Pl. and Pr., pp. 705, 715, 716, 717. 8 Amer. and Eng. Enc. Law, p. 747, note 2; *Graffam v. Pierce,* 143 Mass. 386, 9 N. E. 819; *Lawrence v. Chase,* 54 Me. 196; *Farwell v. Tillson,* 76 Me. 227; *Bird v. Munroe,* 66 Me. 346; *Dock Co. v. Dewey,* 6 Gray 446.)

## RESPONDENT'S POINTS.

This court will not consider the evidence offered by the appellant in the trial court, because appellant has not excepted to the ruling of the trial court to the effect that the

evidence was insufficient to establish the contract. (*Evans v. Jones,* 10 Utah 182; *Thiele v. Koster,* 63 Cal. 241; *Lucas v. Richardson,* 68 Cal. 618; *McCartney v. Fitz Henry,* 16 Cal. 185; *People v. Morino,* 85 Cal. 515; *Marsters v. Lash,* 61 Cal. 622.)

The alleged contract is claimed to be oral and for a term of two years. Therefore, under the statute of frauds, it is void. (R. S. 1898, sec. 2467; *Swift v. Swift,* 46 Cal. 268; *Koch v. Williams,* 82 Wis. 186; *Scott v. Bush,* 29 Mich. 523; *Patten v. Hicks,* 43 Cal. 509; 18 N. H. 293.)

The cases on this subject go no farther than to hold that if one party to such an agreement performs his part of it within a year, he may compel performance by the other party, without regard to the time conditioned for performance by the latter. (*Frary v. Sterling,* 99 Mass. 462; *Lockwood v. Barnes,* 3 Hill [N. Y.] 128; *Broadwell v. Getman,* 2 Denio [N. Y.] 87; *Warner v. Tex. & P. Ry. Co.,* 54 Fed. 922; *Frary v. Sterling,* 99 Mass. 462; Browne, Statute Frauds, sec. 451; 2 Story, Eq. Jur., secs. 759, 1522, note 3; *Railroad v. McAlpine,* 129 U. S. 305; 9 Sup. Ct. Rep. 286.)

Even if part or full performance upon one side could possibly avail to take a parol agreement out of the statute, such performance must have been on the faith of the contract, and incapable of explanation except through the terms of the contract. (26 Enc. Law, p. 53; *Senior v. Anderson,* 115; Cal. 507; *Cooley v. Lobdell,* 47 N. E. 784; *Abba v. Smith,* 21 Utah 109; *May v. Sloan,* 101 U. S. 237; *Dunphy v. Ryan,* 116 U. S. 495.)

"In order to bind the principal, it must appear that the act done by the agent was in the exercise of the power delegated, and within its limits." (*Blum v. Robertson,* 24 Cal. 128, 141; *Moyle v. Cong. Society,* 16 Utah 69.)

FRICK, J.

This action originated in the city court of Salt Lake City. The plaintiff sued to recover upon an alleged parol contract for personal services performed by her for the defendants.

The amount involved was two hundred dollars. Plaintiff obtained a judgment in said court for the full amount against the defendant Keogh, from which he appealed to the district court of Salt Lake county. When the case came on for trial in that court the plaintiff was nonsuited, and judgment dismissing the action, and for costs, was duly entered against her, from which she appeals to this court.

We are met at the threshold with the question whether this court has jurisdiction of the appeal in this case. In view that the question was not raised or presented by either party, this court must do so on its own motion. We have no right to proceed to a decision of the merits of any case where the law forbids us the right to do so, whether the parties desire it or not. Any judgment we may render in a case respecting the merits, where we had no jurisdiction, would always and everywhere be a nullity, giving neither a right to anything, nor a protection to any one. The question therefore is, has this court jurisdiction of this appeal? We think not. This question was before this court in the case of *Garcia v. Free,* 88 Pac. 30, just decided, in which case we held that this court, in view of the provision contained in chapter 52, p. 48, Laws 1903, had no jurisdiction in cases appealed from judgments in the city court to the district court, unless the judgment in the district court exceeded the sum of one hundred dollars exclusive of costs. The judgment of the district court in this case was one of dismissal of plaintiff's action merely, and for costs. There is, therefore, no judgment such as permits an appeal to this court. This was the very question presented and decided in the case of *Garcia v. Free,* supra. That case received thorough and careful consideration, and governs the decision in this case. For the reasons fully stated in the *Garcia Case,* the appeal in this case must be, and accordingly is, dismissed at costs of the appellant.

McCARTY, C. J., and STRAUP, J., concur.

ON REHEARING.

In this case counsel for appellant have filed a petition and argument for rehearing, in which it is strenuously insisted that the conclusions reached in the case of *Garcia v. Free,* 88 Pac. 30, decided by this court at this term, are erroneous, and, in view that the decision in this case is based entirely upon that, therefore, the decision in this case is likewise erroneous. In view of the importance of the questions presented, and in deference to counsel's contentions, we have again carefully gone over the whole subject discussed in the *Garcia Case* as supplemented by the arguments in the petition for a rehearing in this case, but we have found nothing, either in counsel's arguments or in the authorities cited by them, that leads us to a result different from that reached by us in the *Garcia Case*. Indeed, in pursuing the subject farther, we have been strengthened, if possible, in the views expressed in the opinion filed in the *Garcia Case*. In 1891 the Legislature of Colorado passed an act very similar in its provisions to the one passed on by us (Sess. Laws Colo. 1891, p. 118), which has been repeatedly passed on by both the court of appeals and the Supreme Court of Colorado, and those courts have held precisely as we hold upon the right to an appeal in cases where the right depends on the amount of the judgment. (*Timmerman v. South D. R. T. Co.,* 20 Colo. 147, 36 Pac. 901; *Crane v. Farmer,* 14 Colo. 294, 23 Pac. 455; *Sons of Am. B. & E. Ass'n v. Denver,* 15 Colo. 592, 25 Pac. 1091; *Commissioners v. Aspen, etc., Co.,* 1 Colo. App. 125, 27 Pac. 875.) The Court of Appeals of New York has likewise passed upon the question and has arrived at the same conclusion, as appears from the following cases: *Roosevelt v. Linkert,* 67 N. Y. 447; *Belfer v. Ludlow,* 129 N. Y. 650, 29 N. E. 320. Indeed, we have not been able to find any authorities sustaining any other conclusion where the amount of the judgment is the jurisdictional amount. The cases cited by counsel, all being cases wherein is discussed the amount in controversy or in dispute, have, and can have, no

application. The case of *Baber v. Pittsburgh Ry. Co.*, 93 Ill. 343, cited by counsel in their petition for a rehearing, is, however, precisely in accord with the conclusions reached by us upon the point, that, in cases like the one at bar, the amount of the judgment, not the amount in controversy, controls. The authorities, therefore, are against the contentions of counsel upon this point and practically leave no room for either doubt or contention upon the correctness of our conclusions upon this point, and therefore no reason exists why a rehearing should be granted.

Counsel also reargue the question of inequality in respect to the parties to the action. Upon that subject we are thoroughly satisfied with the reasoning in the *Garcia Case*, supra, and for that reason we shall not discuss that subject further. The cases cited by Mr. Justice Straup from the Supreme Court of the United States were cited by him on, and are decisive of, this point. Those cases, as counsel inadvertently assume, were not cited to the point that the judgment controls, but to the question of equality merely.

Counsel make the further point, in their argument for a rehearing, that the proviso construed by us in the *Garcia Case* is in conflict with section 9 of article 8 of the Constitution of this state, in that said section, it is asserted, gives the right to an appeal from all final judgments of district courts to this court. It is true that such is the language of that section. It must not be overlooked, however, that the language there is applied, and intended to be applied, only to final judgments of the district courts. It clearly has reference only to judgments of the district courts based upon cases originating in those courts, and not to appeal cases in which such courts have appellate jurisdiction. This section must likewise be construed in connection with other provisions contained in the same article of the Constitution. In this view some light at least is shed upon this question by what is said in section 7 of the same article, wherein the district courts are made courts of appeal from the judgments of all inferior courts and tribunals, and where a supervisory control of all such inferior courts and tribunals

together with appellate jurisdiction, is vested in the district courts. It is the district courts that are given this appellate jurisdiction and supervisory control over all inferior courts and tribunals, and therefore, when, under section 9, the right of an appeal is given from the final judgments of the district courts to this court, it was not intended, *ipso facto,* to make this court a court of appeal from cases coming to the district courts on appeal, as well as from those cases arising in the district courts. Section 9 aforesaid deals with appeals arising from original jurisdiction of courts merely, not with cases of appellate jurisdiction. This is made additionally clear when the justices' courts are referred to in that section. The matter of appeals with reference to original jurisdiction of both the district and justices' courts was the subject-matter under consideration, and that is plainly the reason why it is there provided that appeals may be taken from judgments of justices' courts to the district courts. Further, the framers of the Constitution having in mind the purpose of state Constitutions, namely, that such purpose is to limit, not to grant, powers, therefore inserted the provision making judgments of the district courts on appeals from justices' courts final, and thus preventing the Legislature from allowing appeals to this court in that class of cases. By section 7, appellate jurisdiction from inferior courts and tribunals is conferred on the district courts, but that alone, perhaps, would not (a matter we do not now decide) give the constitutional right to appeal from all judgments of inferior courts to the district courts, but it would at least authorize the Legislature to confer such a right. In section 9, therefore, the right to appeal from all original judgments of district courts is expressly given, so that that right cannot be interfered with by the Legislature. Moreover, it might as well be contended that because, in section 4 of article 8, appellate jurisdiction is conferred on this court "in all other cases," except those wherein original jurisdiction is conferred by that section, that "all cases" means all cases from all judgments from all courts. Here again "all other cases" must be construed to

mean only that the power to hear appeals generally is conferred, but to be limited to cases wherein the right to appeal is given either by the Constitution itself or by legislative enactment. We think it is quite clear that the constitutional right to an appeal is given only in the following cases: (1) In criminal cases (article 1, sec. 12); (2) from final judgments of the district courts where the cases originate in that court as above outlined, including probate matters; and (3) from justices' courts to district courts. In all other cases, while the appellate jurisdiction—that is, the power generally to hear and determine appeals—exists, the right to an appeal, nevertheless, depends upon legislative action alone, the right itself not having been conferred by the Constitution. As the district courts have concurrent jurisdiction in all cases with inferior courts, and all inferior courts are deprived of jurisdiction in all matters where important rights may be affected and in all other cases have jurisdiction only in specified and limited amounts, it is easy to perceive why the framers of the Constitution relegated the right to appeal to the Legislature, except in certain specified cases above referred to. To hold that the right of the Legislature to regulate appeals from inferior courts is prohibited by the Constitution, except as specified in that instrument, is to impose a limitation on that body by implication. Such limitations are not, and should not be, favored, and ought not be imposed by the courts, except where the implication is both necessary and unavoidable, when considered in the light of the language used in that instrument, and applied to the subject-matter under consideration. That the right of district courts to have concurrent jurisdiction with inferior courts does not give the right to an appeal from all judgments irrespective of whether the case originated in the district court, or not, has also been passed upon, as may be seen by the following, among other, cases: *Norton v. Mc-Leary,* 8 Ohio St. 205; *Clark v. Hanna,* Id. 199; *Commonwealth v. Messenger,* 4 Mass. 462.

To construe the Constitution as contended for by counsel would confer the right of two appeals from all cases of

inferior courts, except justices' courts, when that right cannot be exercised in judgments from district courts, nor from justices' courts. In giving the right to appeal from judgments of the district court on appeals from the city court in cases where the judgment exceeds one hundred dollars is certainly quite liberal and should not be extended by a loose construction. The cases cited by counsel from this court clearly have no bearing upon the questions involved here. In the case of *Irrigation Co. v. Canal Co.*, 14 Utah 155, 46 Pac. 824, the question presented and decided was whether an order for a temporary injunction was a final judgment within the meaning of section 9 of article 8 of the Constitution. In *Crooks v. District Courts*, 21 Utah 98, 59 Pac. 529, the question presented was whether the Supreme Court had the power to review judgments of the district courts on certiorari, in cases of appeals from justices' courts to the district court. It was there held that the judgment of the district court was final. Nothing, therefore, that was said or decided in those cases would be direct authority upon the questions presented on this appeal.

While the whole matter was thoroughly considered by us before the decision in the *Garcia Case* supra, was announced, it was not then deemed necessary to enlarge upon the subject any further than was done in the opinion in that case. In view, however, of counsel's strenuous insistence that our conclusion in that case is erroneous, we deemed it but just to them to give our reasons more at length at this time.

From the foregoing it is apparent that the conclusions reached in the *Garcia Case* are supported by all the authorities upon the subject, so far as we have been able to find them, and, there being no good reason, therefore, for granting a rehearing in this case, the same ought to be, and accordingly is denied.

McCARTY, C. J., and STRAUP, J., concur.