. SALINA CITY v. FREECE.

No. 3967.   Decided July 19, 1923.   (216 Pac. 1078.)

MUNICIPAL CORPORATIONS—CITY CANNOT APPEAL FROM DISTRICT COURT'S JUDGMENT IN PROSECUTION FOR VIOLATION OF ORDINANCE, WHERE ACTION ORIGINATED IN CITY JUSTICE COURT. A city cannot appeal from judgment of the district court in a criminal action for the violation of a city ordinance, where the action originates in the court of a city justice.

Appeal from District Court, Sixth District, Sevier County; *J. H. Erickson,* Judge.

Eiler Freece was convicted of violation of a city ordinance, and appealed to the district court. From an order sustaining demurrer to the complaint, the city appeals.

APPEAL DISMISSED.

*Parley Magleby,* of Richfield, for appellant.

*Bean & Hunt,* of Richfield, for respondent.

WEBER, C. J.

Eiler Freece was convicted before the justice of the peace for the city of Salina on a charge of having violated the merchants' license ordinance of that city. From the judgment of conviction he appealed to the district court of Sevier county, which court sustained a demurrer to the complaint and

dismissed the action. The city of Salina appeals from the judgment of dismissal.

The respondent moves to dismiss the appeal on the ground that a city cannot appeal from an order of the district court dismissing a criminal action arising in a justice of the peace court.

In *Castle Dale* v. *Woolley*, 61 Utah 291, 212 Pac. 1111, it was held by this court that—

"Neither the Constitution nor statutes of this state authorize a city to appeal from a judgment of the city justice's court in favor of the defendant, * * * in a criminal case for the violation of a city ordinance."

It follows that a city cannot appeal from the judgment of the district court in a criminal action for the violation of a city ordinance, where the action originates in the court of a city justice.

The motion to dismiss the appeal is granted, with costs to respondent.

GIDEON, THURMAN, and CHERRY, JJ., concur.

FRICK, J., did not participate herein.