TOWN OF OPHIR v. JORGENSEN et al.

No. 4103.   Decided April 12, 1924.   (225 Pac. 342.)

MUNICIPAL CORPORATIONS—TOWN MAY NOT APPEAL IN PROSECUTION UNDER ORDINANCE; "CRIMINAL CASE." In view of Comp. Laws 1917, § 786x14, proceedings under town ordinances are criminal actions, and a town cannot appeal from judgment of district court in action for violation of town ordinance where action arose in justice court.[1]

---

[1] *Salina City* v. *Freece*, 61 Utah, 574, 216 Pac. 1078; *Castle Dale City* v. *Woolley*, 61 Utah, 291, 212 Pac. 1111; *Salt Lake City* v. *Robinson*, 39 Utah, 260, 116 Pac. 442, 35 L. R. A. (N. S.) 610, Ann. Cas. 1913E, 61; *State ex rel. Town of Garland* v. *Maughan*, 35 Utah, 426, 100 Pac. 934; *Richardson* v. *Capwell*, 63 Utah, ——, 176 Pac. 205. Overruling *Ogden City* v. *Crossman*, 17 Utah, 66, 53 Pac. 985.

Appeal from District Court, Third District, Tooele County; *A. R. Barnes,* Judge.

Samuel Jorgensen and others were convicted of violation of a town ordinance, and appealed to the district court, which ordered defendant's discharge, and the Town of Ophir appeals.

APPEAL DISMISSED.

*P. C. Evans,* of Salt Lake City, for appellant.

*A. A. Duncan,* of Salt Lake City, for respondents.

WOOLLEY, District Judge.

The defendants were convicted before the justice of the peace of Tooele precinct, Tooele county, on a charge of violating an ordinance of the town of Ophir relating to befouling the waters of the stream from which the inhabitants of the town secure their water for domestic and culinary purposes. From the judgment entered upon that conviction they appealed to the district court of Tooele county, were there tried before the court sitting without a jury, and were ordered discharged and their bondsmen released on the ground that the ordinance under which they were prosecuted was invalid. From the judgment the town appeals to this court.

The defendants move to dismiss the appeal on the ground that the town has no right to take an appeal to this court from the judgment of the district court. If this is a criminal action the town has no right to appeal. It was held by this court, in the case of *Salina City* v. *Freece,* 61 Utah, 574, 216 Pac. 1078, that a city has no right to appeal to this court from an adverse judgment of the district court in a criminal action prosecuted under a city ordinance, before a city justice of the peace, and appealed by the defendant to the district court. The reason is that such an appeal is not authorized by the state Constitution nor by the statutes. There is no

difference between the rights of a city and the rights of a town in this respect, if a prosecution under a town ordinance is a criminal case. Both look to the same section of the Constitution and to the same provisions of the Code, except as provided in Comp. Laws Utah 1917, § 1717, as amended by Sess. Laws 1919, p. 57, which has no application in this case. The identical provisions of the statutes and the Constitution upon which the appellant's rights must rest here, if it has any, are considered and construed by this court in the case of *Castle Dale City* v. *Woolley*, 61 Utah, 291, 212 Pac. 1111. While that case involved the question of the right of a city to appeal to the district court from a judgment entered upon a verdict of not guilty in a criminal case prosecuted under a city ordinance before a city justice, and for that reason is not strictly in point in this case, yet the reason stated in that case applied to the situation in the Freece Case, supra, and likewise applies to this case. It would serve no useful purpose therefore, to go again over the ground covered by the Castle Dale Case. Before leaving this subject, however, it is perhaps necessary to notice one other point. This court, in the case of *Ogden City* v. *Crossman*, 17 Utah, 66, 53 Pac. 985, did entertain an appeal from the district court in a criminal case brought under a city ordinance; and that case is cited by counsel to sustain his position here. But, as counsel frankly states in the brief, that case is not reasoned upon this question; the statutes and constitutional provisions and general legal propositions involved are not discussed. The case ought to be deemed overruled, by implication, by the doctrine of *Castle Dale City* v. *Woolley*, and the holding in *Salina City* v. *Freece*.

The principal argument made in opposition to the motion now under consideration is directed in support of the proposition that this is a civil, and not a criminal action, and hence is not to be governed by the rules as to appeal in criminal cases. It is settled law in this state that proceedings under city ordinances are criminal actions, not civil, and are governed by the statutes relating to criminal prosecutions. *Salt Lake City* v. *Robinson*, 39 Utah, 260; 116 Pac. 442, 35 L. R.

A. (N. S.) 610, Ann. Cas. 1913E, 61; *Castle Dale City* v. *Woolley,* supra. While the Robinson Case is not squarely in point, because it arose under a city ordinance, and this case arises under a town ordinance, still they cannot be distinguished in principle. The arguments which are made here were made and answered in that case. Every reason expressed by Mr. Justice Frick in that case in support of his conclusion that it was a criminal action applies with equal force in support of the same conclusion in this action. The only difference, if there be any, lies in the fact that towns are more limited than are cities as to the subjects over which they may legislate and as to the penalties which they may prescribe for violations of their ordinances. But even towns, the same as cities, when legislating with regard to matters which lie within their jurisdiction, under section 787, Comp. Laws Utah 1917, may prescribe such fines, forfeitures. and penalties as they may deem proper, within the limitations therein stated. They may under this section prescribe penalties consisting of fines or jail sentences or both.

To make the distinction which it is suggested the court ought to make, and hold that this is not a criminal case because the act denounced by the ordinance is not made a crime under state law, would result in endless confusion in the administration of the law, not only for all the courts, but also for the prosecuting officers. If that distinction be made, then some prosecutions under municipal ordinances will have to be carried on under the Code of Criminal Procedure, while others will fall under the Code of Civil Procedure. The two systems differ so substantially, except in regard to the rules of evidence, that before any case could be initiated or go forward the nature of the action would have to be determined. In view of the multitude of penal laws and ordinances now upon the books, which are being steadily augmented by recurring sessions of the Legislature and by the various boards of city commissioners, city councils, and town boards, the court may well pause before it lends a sympathetic ear to a proposition which, if adopted, would affect the situation mainly by adding to its complexity. The

wiser policy suggests that all prosecutions under municipal ordinances ought to be either one thing or the other—either criminal cases or civil cases.

It is due counsel to say that the numerous authorities and cases which he cites in his brief upon this subject have been considered. But the writer is of the opinion that they can have no application in this state because a contrary doctrine has been adopted by the court in the Robinson Case, supra, and that case makes it unnecessary to review those decisions. So, not only for the reasons given in *Salt Lake City* v. *Robinson,* supra, but also, it may be pertinent to add, for the additional slight reasons that the Legislature, in section 786x14, Comp. Laws Utah 1917, speaks of proceedings under town ordinances as criminal actions, and this court in two cases (*State ex rel. Town of Garland* v. *Maughan, Judge,* 35 Utah 426, 100 Pac. 934, and *Richardson* v. *Capwell,* 63 Utah —, 176 Pac. 205) recognized and treated them, although but incidentally, as such, the writer is of opinion, that this is a criminal case.

It follows that the motion ought to be sustained, and the appeal dismissed. Such is the order.

GIDEON, THURMAN, FRICK, and CHERRY, JJ., concur.

WEBER, C. J., did not participate herein.