PEOPLE v NEVITT

CRIMINAL LAW—PRELIMINARY EXAMINATION—MAGISTRATE—DIS-
CHARGE OF ACCUSED—SUBSEQUENT ARREST—JEOPARDY.

The discharge by a magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy; however, the better approach is to appeal to circuit court where the prosecutor is of the opinion that the examining magistrate at the first preliminary examination erred in not binding the defendant over for trial.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted May 4, 1977, at Grand Rapids. (Docket No. 30274.) Decided June 20, 1977.

Jackie Nevitt was charged with assault with intent to do great bodily harm less than murder. Complaint dismissed. Defendant was recharged on the same evidence and bound over for trial. The defendant's motion in circuit court to dismiss the charge was granted. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and A. C. MILLER,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 450.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was charged with assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. A preliminary examination was conducted on January 21, 1976. The examining magistrate determined that the prosecution had failed to demonstrate that a crime had been committed and dismissed the complaint. MCLA 766.13; MSA 28.931.

The prosecutor sought to recharge defendant on the same evidence. On February 13, 1976, a complaint and warrant were again issued charging defendant with the same crime that had been originally charged. A preliminary examination on the second warrant was conducted on February 26, 1976, before a different magistrate. No new evidence was presented at the second preliminary examination. This time, defendant was bound over to circuit court for trial.

Defendant made a motion to dismiss the charges which motion was granted by the circuit court. In its opinion the circuit judge characterized the prosecutor's methods as "judge shopping" and stated that such a procedure was improper.

We likewise find the prosecutor's methodology to be in actuality "judge shopping" and find such tactics to be offensive. However, because we can find no law preventing this course of action, we feel constrained to reverse the circuit judge in this case.

Our Supreme Court has stated:

"The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy." *People v Miklovich,* 375 Mich 536, 539; 134 NW2d 720 (1965).

In the instant case, the second preliminary examination was a new hearing of the evidence and not a review of the first examination. Therefore, DCR 529.2, which prohibits one magistrate from reviewing another, does not apply.

We repeat disapproval of the practice followed in this case. If the prosecutor is of the opinion that the examining magistrate erred in not binding the defendant over for trial, the better approach is to appeal to the circuit court. *Oakland County Prosecutor v Forty-Sixth District Judge,* 72 Mich App 564; 250 NW2d 127 (1976).

The circuit court's decision to dismiss the complaint is reversed and this case is remanded for trial.