**STATE of Utah, Plaintiff and Petitioner,**

v.

**Donald L. JAEGER, Defendant and Respondent.**

No. 920139.

Supreme Court of Utah.

Nov. 9, 1994.

R. Paul Van Dam, Atty. Gen., Christine Soltis, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Lisa J. Remal, Joan C. Watt, Richard P. Mauro, Salt Lake City, for defendant.

ON CERTIORARI TO THE UTAH COURT OF APPEALS

ORME, Court of Appeals Judge:

The State sought to appeal an order dismissing criminal charges against defendant following a preliminary hearing. The Utah Court of Appeals dismissed the appeal for lack of jurisdiction. We reverse and remand to the court of appeals for consideration of the appeal on its merits.

FACTS

The material facts are not in dispute. Donald L. Jaeger was charged by information with murder in the second degree, a first degree felony in violation of Utah Code Ann. § 76–5–203 (1990). A preliminary hearing was held before Judge Michael L. Hutchings, who was acting as a magistrate in accordance with Rule 7 of the Utah Rules of Criminal Procedure. *See also* Utah Code Ann. § 78–7–17.5(1)(f) (1992) (authorizing magistrates to conduct preliminary hearings to determine probable cause). After having the matter under advisement for several weeks, Judge Hutchings issued a seventeen-page memorandum decision in which he weighed the State's evidence in light of the applicable standard for establishing probable cause. Based on his factual findings and legal analysis, Judge Hutchings concluded that no reasonable jury could find defendant guilty of homicide based on the evidence presented. He therefore ruled that there was insufficient evidence to establish the probable cause necessary to bind defendant over for trial. As a result, Judge Hutchings dismissed the information and discharged defendant pursuant to

rule 7(h)(3) of the Utah Rules of Criminal Procedure.

The State filed a timely notice of appeal to this court.[1] The appeal was subsequently transferred to the Utah Court of Appeals. Prior to oral argument before the court of appeals, this court issued *State v. Humphrey*, 823 P.2d 464 (Utah 1991), which held that a magistrate's decision to bind a defendant over for trial is not a final, appealable order. *Id.* at 468. Based on the court of appeals panel's reading of *Humphrey*, it struck the scheduled oral argument and issued an unpublished *per curiam* decision dismissing the State's appeal for lack of jurisdiction. The State then filed a petition for a writ of certiorari, which was granted.

## ANALYSIS

The State argues that there is jurisdiction for its appeal because Judge Hutchings' order constituted a final judgment of dismissal. We agree.

Under Utah law, "[a]n appeal may be taken by the prosecution from ... a final judgment of dismissal." Utah Code Ann. § 77–18a–1(2)(a) (Supp.1994). Although rule 7(h)(3) of the Utah Rules of Criminal Procedure provides that "dismissal and discharge" following a preliminary hearing "do not preclude the state from instituting a subsequent prosecution for the same offense," this court has ruled that due process will in some circumstances preclude refiling criminal charges. *See State v. Brickey*, 714 P.2d 644, 646–48 (Utah 1986).

■ In *Brickey*, the court circumscribed rule 7(h)(3)'s apparently unfettered grant of prosecutorial discretion by establishing limits on the State's ability to refile charges that have been dismissed for insufficient evidence. *Id.* at 647–48. As an aspect of defendant's right to due process, the State cannot refile criminal charges dismissed for lack of evidence unless it can introduce new or additional evidence, or demonstrate other good cause that justifies refiling. *Id.*

Thus, dismissing an information for lack of probable cause can result in a final judgment of dismissal. Where the prosecutor has made his or her best case at the preliminary hearing and has no new or additional evidence to present or other good cause for refiling, the case is at an end. The prosecutor cannot refile the charges or seek a second opinion from another magistrate. In such cases, the dismissal of charges, when coupled with the State's inability to refile under *Brickey*, clearly constitutes "a final judgment of dismissal," as contemplated by section 77–18a–1(2)(a), which the State is entitled to appeal.

Nor does this court's opinion in *State v. Humphrey*, 823 P.2d 464 (Utah 1991), undercut the State's right to appeal such a judgment of dismissal. In *Humphrey*, this court ruled that there is no right to appellate review of a magistrate's decision *to* bind a defendant over for trial. *Id.* at 468. Despite some language which, on the surface, might appear to have destined the opposite decision to the same fate,[2] the court did not have before it the question of whether there is a right of appeal from a decision *not to* bind a defendant over for trial. *See id.* at 467–68.

Despite some superficial similarity between the two, a decision to bind a defendant over for trial and a decision to dismiss the charges against him are fundamentally dif-

---

1. The fact that the State has proceeded in this manner rather than by refiling the charges and putting on new evidence must be viewed as a definitive concession by the State that it is unable to refile the charges, given *State v. Brickey*, 714 P.2d 644, 646–48 (Utah 1986).

2. *Humphrey* addresses the difference between judges and magistrates, stating that the orders of judges are appealable whereas the orders of magistrates are not, as they are nonadjudicative. *See State v. Humphrey*, 823 P.2d 464, 467–68 (Utah 1991). This is true in the preliminary hearing context to the extent that the magistrate does nothing more than move the case along by issuing a routine interlocutory bind-over order, as was the case in *Humphrey* and as happens following the vast majority of preliminary hearings. However, where the prosecution has presented all the evidence it has and dismissal of the case ensues, at least given *Brickey* an adjudication has occurred that is as final as any judgment of dismissal can be. It is as though Judge Hutchings, who took off his judicial hat and put on his magistrate's hat to conduct the preliminary hearing, removed that hat and put his judicial hat back on just prior to entering his judgment of dismissal and discharge.

ferent. The magistrate's decision to bind over is interlocutory; it keeps the case alive and on track. As such, the magistrate decides nothing more than that the case will proceed.[3] In contrast, a decision not to bind over but rather to dismiss brings the case to an abrupt end if the strict requirements of *Brickey* cannot be surmounted. It would be anomalous, indeed, if such a final adjudicative decision were not subject to appeal.[4]

## CONCLUSION

■ Given the proscriptions of *Brickey*, the order dismissing the information against defendant and discharging him constituted "a final judgment of dismissal" under Utah Code Ann. § 77–18a–1(2)(a) (Supp.1994). Therefore, the State was entitled to appeal, and the court of appeals, following transfer of the case, had jurisdiction over the appeal. Accordingly, we reverse the decision dismissing for lack of jurisdiction and remand this case to the court of appeals for resolution on its merits.

STEWART, Associate C.J., and HOWE, J., concur.

ZIMMERMAN, Chief Justice, dissenting:

I dissent from the majority opinion for the reasons stated by Justice Durham in her separate dissent. Under *State v. Humphrey*, 823 P.2d 464, 467–68 (Utah 1991), the order from which the prosecution seeks to take an appeal is not within our appellate jurisdiction.

I write separately only to note that I do not necessarily agree with Justice Durham that an amendment to the Utah Rules of Criminal Procedure could effect a solution to this problem. It seems likely that a statutory change would be necessary to expand our appellate jurisdiction. But in any event, I do agree that we are without power to reach the merits of this dispute.

DURHAM, Justice, dissenting:

I dissent. The question before the court is whether the State has the right to appeal a preliminary hearing magistrate's order dismissing a felony information and discharging the defendant based on the magistrate's conclusion that there was insufficient probable cause to bind the defendant over for trial. I conclude that no such right to review exists.

Though acknowledging that the State has a right to refile under rule 7(h)(3) of the Utah Rules of Criminal Procedure, the majority accepts the State's argument that the due process restrictions outlined in *State v. Brickey*, 714 P.2d 644 (Utah 1986) (state may refile before original magistrate based on new or additional evidence or other good cause), effectively preclude that avenue of relief. Thus, the majority concludes that despite *State v. Humphrey*, 823 P.2d 464 (Utah 1991) ("[U]nder the current jurisdictional statutes [magistrates'] orders are not immediately appealable."), a magistrate's order dismissing an information and discharging the defendant constitutes a final, appealable order under section 77–18a–1(2)(a) of the Utah Code. I disagree. I would hold that the relevant Utah statutes, rules, and case law, especially *Humphrey*, establish that a magistrate's dismissal does not amount to a final judgment of dismissal for section 77–18a–1(2)(a) purposes.

---

3. Nonetheless, the defendant has an immediate opportunity for review of the bind-over order. When the magistrate binds the defendant over for trial, the defendant may move to quash the information in the district court which will hear the case. *See* Utah R.Crim.P. 12(b); *Humphrey*, 823 P.2d at 466. Upon the filing of such motion, the district court may review the magistrate's determination that probable cause exists. *See Humphrey*, 823 P.2d at 466. If the court denies the motion, the defendant may then petition for an interlocutory appeal. *Id.* at 468 n. 9.

 The State, however, has no comparable procedural mechanism allowing reexamination of a decision not to bind a defendant over for trial. Logic suggests that some mechanism must exist for correcting the mistaken dismissal of charges where refiling is not an option. A plain reading of Utah Code Ann. § 77–18a–1(2)(a) (Supp.1994) shows that the Legislature has provided that mechanism by expressly permitting the State to appeal, without stated limitation, any "final judgment of dismissal."

4. Given the fundamental distinction between a bind-over decision and a decision not to bind over, we need not worry that recognizing the State's right to an immediate appeal might seem less than fully symmetrical with the relief available under *Humphrey* to defendants who are bound over. *See* 823 P.2d at 468.

In granting the State the right to appeal a magistrate's order of dismissal, the majority not only misconstrues *Humphrey*, but impermissibly creates appellate jurisdiction where none lawfully exists. As this court has previously held, appellate jurisdiction exists only by virtue of a constitutional grant or by statute. *State v. Taylor*, 664 P.2d 439, 441 (Utah 1983); *see Town of Ophir v. Jorgensen*, 63 Utah 288, 225 P. 342, 342 (1924); *Castle Dale City v. Woolley*, 61 Utah 291, 212 P. 1111, 1112 (1923); *McCashland v. Keogh*, 32 Utah 11, 88 P. 680, 682 (1907) (on rehearing). Neither Utah's Constitution nor its statutes grant any court of this state appellate jurisdiction over the decisions of preliminary hearing magistrates.[1] *See, e.g.*, Utah Const. art. VIII, §§ 3, 5; Utah Code Ann. § 77–18a–1; Utah R.Crim.P. 7(h), 26.

Furthermore, in *Humphrey*, we held that "a judicial officer functioning as a magistrate is not functioning as a circuit court or other court of record. Because magistrates are not courts of record when they conduct preliminary hearings and issue [bind-over] orders, under the current jurisdictional statutes their orders are not immediately appealable." *Humphrey*, 823 P.2d at 468. Despite *Humphrey*'s clear and unconditioned holding, the majority attempts to limit the decision, arguing that this court ruled only that the State has no right to appellate review of

a magistrate's decision *to* bind over. *Humphrey*, claims the majority, has no application to situations in which a magistrate decides *not to* bind over.

The majority supports its recharacterization of *Humphrey* by creating an illusory distinction between a preliminary hearing magistrate who grants bind over and one who denies it, claiming that in the first instance, the magistrate is acting as magistrate, but in the second, is acting as judge. Apparently, in the majority's view, a judge acts as a magistrate throughout the preliminary hearing and when she decides to bind the defendant over for trial. However, if the judge is inclined to rule that the defendant should not be bound over, she takes off her magistrate hat and replaces it with her judge hat. Following this sleight of hand, if the State "definitively concedes"[2] that it is unable to refile, the magistrate's (now judge's) decision becomes final and the State may appeal.

I find the majority's rationale disingenuous. If the majority wishes to overrule *Humphrey*, it should engage in a proper analysis and give legitimate reasons for doing so. *See State v. Menzies*, —— P.2d ——, ——, 235 Utah Adv.Rep. 23, 25, 1994 WL 110861 (March 29, 1994). However, arguing, as the majority does, that *Humphrey* did not

---

1. The majority's reliance on section 77–18a–1(2)(a) of the Utah Code as establishing appellate jurisdiction is mistaken. In 1980, when the legislature granted magistrates the power to dismiss informations and authorized the State to appeal from final judgments of dismissal, this court had yet to decide *State v. Brickey*, 714 P.2d 644 (Utah 1986). Thus, at the time the legislature passed section 77–18a–1(2)(a), the State was free to *unconditionally* refile informations. Whatever procedural obstacles this court created with *Brickey*, it cannot be argued that section 78–18a–1(2)(a) contemplates the State's right to appeal a magistrate's order of dismissal.

In addition, the very existence of rule 7(h)(3) of the Utah Rules of Criminal Procedure refutes the notion that a magistrate's refusal to bind a defendant over for trial constitutes a final judgment of dismissal. A magistrate's order of dismissal is not final because the State has the option to refile the information. While *Brickey* places a high burden on the State, it is not insurmountable.

2. In footnote 1 of the majority opinion, the majority writes that the State's decision to appeal

"rather than ... refiling the charges and putting on new evidence must be viewed as a definitive concession by the State that it is unable to refile the charges, given *State v. Brickey*, 714 P.2d 644, 646–48 (Utah 1986)." It appears that the majority's entire rationale hinges on this extraordinary statement. Because the State has "definitively conceded" that it cannot refile, the majority concludes that the preliminary hearing magistrate has issued a final, appealable order. This reallocation of authority between the State and the judiciary is an unwholesome addition to our system of criminal law. The State "definitively concedes" that it cannot do some act, and the courts accommodate by inventing a procedural mechanism allowing the State to proceed. The majority's resolution thus permits the State to decide, *without any oversight,* whether it has the ability to refile under *Brickey*. The State, therefore, is free to determine when and if it is entitled to appellate review. Our appellate system does not contemplate leaving such unfettered discretion with a party to criminal proceedings.

hold what it plainly held ignores the role of stare decisis in our judicial system.

Although I conclude that the State may not, under our current jurisdictional scheme, appeal a preliminary hearing magistrate's order of dismissal, I am not unsympathetic to the State's procedural dilemma. The development of Utah case and statutory law in this area presents a unique problem. While *Brickey* limited the State's ability to unconditionally refile under rule 7(h)(3), *Humphrey* clarified that preliminary hearing magistrates do not issue final, appealable orders.

In some cases, therefore, *Brickey* and *Humphrey* may combine to effectively preclude review of a preliminary hearing magistrate's refusal to bind a defendant over for trial. Significantly, a magistrate's decision *to* bind over is not similarly insulated. When a magistrate binds a defendant over for trial, the defendant may file a motion to quash the information in the district court. *Humphrey*, 823 P.2d at 466. If that motion is denied, the defendant may then petition for an interlocutory appeal. *Id.* at 468 n. 9. The State, however, has no comparable procedural mechanism to seek reexamination of a magistrate's refusal to bind over.

This procedural disparity is somewhat troublesome. A magistrate performs the same quasi-judicial function whether or not she finds sufficient probable cause to bind a defendant over for trial. Conditioning judicial review on the outcome of a magistrate's bind-over determination makes little sense.

While I would reaffirm both *Brickey* and *Humphrey*, I recognize that these decisions place the State at a procedural disadvantage in a limited number of cases. Indeed, a survey of other states' case law indicates that this disadvantage may be unique to Utah. *See, e.g., People v. Slaughter*, 35 Cal.3d 629, 200 Cal.Rptr. 448, 449–50, 677 P.2d 854, 856–57 (1984) (following magistrate's dismissal, state may file motion to compel reinstatement of complaint and custodial status of defendant); *State v. Ruiz*, 106 Idaho 336, 678 P.2d 1109, 1110–11 (1984) (state cannot appeal magistrate's refusal to bind over but may unconditionally refile complaint for good cause); *People v. Love*, 39 Ill.2d 436, 235 N.E.2d 819, 821–22 (1968) (state may appeal

any judgment which substantively results in dismissal of indictment, information, or complaint); *State v. Zimmerman*, 233 Kan. 151, 660 P.2d 960, 963 (1983) (state may appeal magistrate's order dismissing complaint, information, or indictment or refile complaint based on new or additional evidence); *People v. Nevitt*, 76 Mich.App. 402, 256 N.W.2d 612, 613 (1977) (per curiam) (state may appeal magistrate's dismissal or unconditionally refile complaint); *State v. Maki*, 291 Minn. 427, 192 N.W.2d 811, 811–12 (1971) (state may not appeal magistrate's dismissal but may unconditionally refile complaint or seek grand jury indictment); *Walker v. Schneider*, 477 N.W.2d 167, 174–75 (N.D.1991) (state may seek district court review of magistrate's dismissal or refile complaint based on new or additional evidence or other good cause); *State ex rel. Fallis v. Caldwell*, 498 P.2d 426, 428–29 (Okla.Crim.App.1972) (adopting court rule permitting state to appeal from magistrate's dismissal); *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8, 9 (1978) (under most circumstances, state may not appeal magistrate's dismissal but may unconditionally refile charges); *State v. Fahey*, 275 N.W.2d 870, 871 (S.D.1979) (per curiam) (state may unconditionally refile complaint); *State v. Brown*, 96 Wis.2d 258, 291 N.W.2d 538, 542–43 (1980) (state may appeal errors of law committed by magistrate during preliminary hearing; alternatively, state must produce new or unused evidence to refile complaint). Thus, it appears that virtually every other state system that has addressed this problem has devised a means to permit some form of review or reconsideration of a magistrate's refusal to bind a defendant over for trial. While I cannot accept the majority's freestanding assertion of appellate jurisdiction where none exists, I do believe that the matter could be resolved by changes in our Rules of Criminal Procedure.

I think, for example, that there is merit in the approach used in California. Section 871.5 of the California Penal Code authorizes the state, following a magistrate's dismissal, to file a motion in superior court to compel the magistrate to reinstate the complaint and

custodial status of the defendant.[3] Cal.Penal Code § 871.5(a) (West Supp.1994); *see Slaughter*, 200 Cal.Rptr. at 449–50, 677 P.2d at 856–57; *People v. Dethloff*, 9 Cal.App.4th 620, 11 Cal.Rptr.2d 814, 816 (1992); *People v. Mimms*, 204 Cal.App.3d 471, 251 Cal.Rptr. 672, 673 & n. 3 (1988). The sole ground for this motion is that as a matter of law, the magistrate erroneously dismissed all or part of the complaint. Cal.Penal Code § 871.5(b) (West Supp.1994).[4]

This brief description of California's procedural scheme oversimplifies a very complex statute. However, I use the procedural approach in the California statute as a resource, not necessarily as a model, for a potential solution to Utah's problem.[5] In any event, I would refer this matter to the Supreme Court Advisory Committee on the Rules of Criminal Procedure for in-depth study. In the meantime, however, I cannot endorse the majority's distortion of the constitution, our statutory law, and judicial precedent.

---

3. California has a slightly different commitment or bind-over procedure than Utah's. In California, the prosecutor first files a complaint with a preliminary hearing magistrate. Cal.Penal Code § 738 (West 1985). If the magistrate finds probable cause to believe that a public offense was committed and that the defendant is guilty of it, the magistrate issues an order of commitment (essentially a bind-over order) and transfers the action to the superior court. *Id.* § 872 (West Supp.1994). At that point, the prosecutor files an information in the superior court. *Id.* § 739 (West 1985).

4. California law also affords the state two other procedures to gain review of a magistrate's dismissal. The state may refile the charges and begin a second prosecution, Cal.Penal Code § 999 (West 1985); *see People v. Superior Court (Martinez)*, 19 Cal.App.4th 738, 23 Cal.Rptr.2d 733, 740 (1993), or if the magistrate has dismissed some but not all of the state's charges, the state may file an information in the superior court "charg[ing] the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed." Cal.Penal Code § 739 (West 1985); *Superior Court (Martinez)*, 23 Cal.Rptr.2d at 740.

5. A constitutional amendment or statute granting Utah's appellate courts jurisdiction over preliminary hearing magistrates' decisions would also remedy the situation. Of course, as a policy matter, there are valid reasons why the State, having made its best case at the preliminary hearing and having no new or additional evidence or other good cause to justify refiling, should not be permitted to continue the prosecution. "In Utah, the preliminary hearing is used to determine whether there is sufficient cause to believe a crime has been committed to warrant further proceedings. The preliminary hearing thus acts as a screening device to 'ferret out . . . groundless and improvident prosecutions.' " *Brickey*, 714 P.2d at 646 (quoting *State v. Anderson*, 612 P.2d 778, 783–84 (Utah 1980) (citations omitted)). By refusing to bind a defendant over for trial, a preliminary hearing magistrate essentially determines that the prosecution is "groundless and improvident." *Brickey*, therefore, may be understood as designed to bring to a close those prosecutions in which the State cannot successfully refile. Allowing the State to continue the prosecution, whether by appeal or by some other method of review, arguably undermines this purpose.