STATE of Utah, Plaintiff and Petitioner,

v.

Dominic QUINN, Defendant
and Respondent.

No. 960687–CA.

Court of Appeals of Utah.

Dec. 12, 1996.

Order Denying Rehearing Jan. 30, 1997.

Scott L. Wyatt and Randon H. Draper, Logan, for Petitioner.

David M. Perry, Logan, for Respondent.

Before ORME, JACKSON and WILKINS, JJ.

OPINION

PER CURIAM:

The State seeks to appeal the magistrate's interlocutory order denying its re-

quest to enhance Quinn's present DUI charge to a third degree felony. However, the State's ability to take an appeal in a criminal case is limited. Unless otherwise allowed by statute, the State may appeal only from:

(a) a final judgment of dismissal;

(b) an order arresting judgment;

(c) an order terminating the prosecution because of a finding of double jeopardy or denial of a speedy trial;

(d) a judgment of the court holding a statute or any part of it invalid;

(e) an order of the court granting a pretrial motion to suppress evidence when, upon a petition for review, the appellate court decides that the appeal would be in the interest of justice; or

(f) an order of the court granting a motion to withdraw a plea of guilty or no contest.

Utah R.Crim.P. 26(3).

Because the magistrate's decision does not fit within any of these categories, the State is not eligible to take an interlocutory appeal. This conclusion is further supported by *State v. Humphrey*, 823 P.2d 464 (Utah 1991). In that case, the supreme court held that this court's jurisdictional statute, Utah Code Ann. § 78–2a–3(2) (1991), does "not permit direct interlocutory appeal of magistrates' bindover orders." *Id.* at 467.

Accordingly, the State's petition for permission to file an interlocutory appeal is denied.

ORDER DENYING STATE'S PETITION
FOR REHEARING

PER CURIAM:

This matter is before the court on the State's petition for rehearing in which it asks us to reconsider our prior published opinion, *State v. Quinn*, 305 Utah Adv. Rep. 17 (Utah App.1996). Having reviewed and considered the parties' filings, IT IS HEREBY ORDERED that the petition is denied.

In *State v. Jaeger*, 886 P.2d 53 (Utah 1994), a case upon which the State would like us to rely, the trial court dismissed the information and discharged Jaeger after concluding that there was insufficient evidence to establish

probable cause to bind him over for trial. *Id.* at 53–54. The supreme court concluded that the order dismissing the information and discharging Jaeger, coupled with the State's inability to refile, constituted a "final judgment of dismissal" which the State was entitled to appeal. *Id.* at 55. In the instant case, the trial court did not dismiss the information and, in fact, set the matter for trial. The trial court merely refused to enhance two of the charges to felonies. Thus, contrary to the State's contentions, the subject order was interlocutory, not final, and under Rule 26(3) of the Utah Rules of Criminal Procedure, the State is not authorized to appeal an interlocutory order of this type.

Even if we were to accept the State's argument, made for the first time in its petition for rehearing, that the subject order is final, the State would still be precluded from appealing the order. According to Utah Rule of Criminal Procedure 26(3)(a), the State may only appeal from "a final judgment of dismissal." The subject order, even if construed as final, did not dismiss the information against Quinn.