PEOPLE v ROBBINS

Docket No. 185343. Submitted February 5, 1997, at Detroit. Decided May 9, 1997, at 9:00 A.M.

Darrell E. Robbins was charged in the 36th District Court with receiving or concealing stolen property over $100 and possessing a motor vehicle with an incorrect vehicle identification number. The court, Donald Coleman, J., dismissed the charges after a preliminary examination, ruling that probable cause to believe that the defendant committed the charged crimes was lacking. The prosecution refiled the charges. The same district judge dismissed the charges, agreeing with the defendant that a second preliminary examination could not be conducted because MCR 6.110(F) requires the presentation of newly discovered evidence at the second preliminary examination and that the prosecution merely proposed to present additional evidence. The Detroit Recorder's Court, John Patrick O'Brien, J., affirmed the decision of the district court and additionally ruled that reinstatement of the charges would violate the defendant's rights to due process. The prosecution appealed by leave granted.

The Court of Appeals held:

1. MCR 6.110(F), in allowing a prosecutor to initiate a subsequent prosecution on a charge dismissed after a preliminary examination, requires that the subsequent preliminary examination be held before the same judge who conducted the prior examination and that the prosecutor present additional evidence to support the charge. "Additional evidence" is not synonymous with "newly discovered evidence."

2. Double jeopardy and due process are not implicated where, as here, a charge is dismissed after a preliminary examination, the charge is reinstated, a second preliminary examination is conducted by the same judge who conducted the first examination, and the prosecution presents at the second examination additional evidence in support of the charge.

Reversed and remanded to the district court for preliminary examination.

CRIMINAL LAW — PRELIMINARY EXAMINATION — REINSTATED CHARGES.

A prosecutor may reinstate a charge that was dismissed after a preliminary examination as long as the subsequent preliminary examination is before the judge who conducted the prior examination and the prosecutor presents at the subsequent examination additional evidence in support of the charge; additional evidence does not have to be newly discovered evidence (MCR 6.110[F]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*James B. Schlaff*, for the defendant on appeal.

Before: HOOD, P.J., and SAAD and T. S. EVELAND\*, JJ.

PER CURIAM. The prosecution appeals by leave granted from an order dismissing charges against defendant. Defendant was charged with receiving or concealing stolen property over $100, MCL 750.535; MSA 28.803, and possession of a motor vehicle with an incorrect identification number, MCL 750.415(2); MSA 28.647. The 36th District Court dismissed the charges before any evidence was submitted at a second preliminary examination involving defendant's charges. The Recorder's Court affirmed the dismissal. We reverse and remand.

The first preliminary examination was held on February 26, 1994, in the 36th District Court. An insurance claims adjuster testified that he handled a claim involving a Volkswagen with the vehicle identification number (VIN) 1VWDB017XGV032584. The insurance company took title to the vehicle on March 4 or 5,

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

1992, as a result of paying $3,439 to settle the claim. No one else was authorized to have the vehicle.

A police officer testified that, on the basis of information she received from another officer, she stopped a 1986 red Volkswagen as a possible stolen vehicle on April 21, 1992. The license plate on the vehicle (293 XTL) was issued for another vehicle. Defendant, who was driving the vehicle, told the officer that the paperwork for the vehicle was at home. The VIN for the license plate did not match the VIN on the vehicle (1VWBD0173GV021703). Defendant was arrested, and the vehicle was impounded.

Another police officer testified that, in an attempt to determine the identification of the vehicle, she found that VIN 1VWDB0173GV021703 on the vehicle was not proper and that the correct VIN for the vehicle was 1VWDB017XGV032584. She ran the fraudulent VIN through the computer and found that it was registered to Sharon Robbins. She did not determine whether the license plate on the vehicle matched that VIN.

A third police officer testified that he interviewed defendant on April 21, 1992. Defendant told him that the vehicle was registered in his mother's name but he had purchased it about four years earlier from a private owner for $6,000. The officer testified that he received a certificate of title history from the Secretary of State for a 1986 Volkswagen 2 door, VIN 1VWDB0173GV021703, titled to defendant's mother on September 14, 1988. The license plate for the vehicle was 293 XTL.

At the conclusion of the examination, the magistrate dismissed the charges, finding insufficient evi-

dence to establish probable cause to believe defendant committed either of the crimes charged.

Subsequently, the same charges were refiled in the 36th District Court, and a preliminary examination was held on September 19, 1994. The same magistrate presided. Before any proofs were introduced, defense counsel moved to dismiss the warrant and complaint, arguing that the prosecution had no new evidence to present. Defense counsel further argued that the prosecution should have appealed the prior dismissal of the charges rather than file a new warrant and complaint.

The prosecution asserted that MCR 6.110(F) did not require newly discovered evidence but only additional evidence, and that it was prepared to offer additional evidence than that produced at the first examination, although it was evidence that had been available at that time. The prosecution sought to offer testimony from the officer in charge of the case, who did not testify at the initial examination. The officer in charge would have testified that he received an anonymous telephone call on March 21, 1992, indicating that defendant was driving a stolen red Volkswagen, that he went to defendant's residence and observed a 1986 Volkswagen with Michigan license plate number 239 XTL, and that he looked at the VIN, which appeared to have been altered, and conveyed the information to a police officer who testified at the first examination.

The magistrate concluded that the term "additional evidence" referred to in MCR 6.110(F) did not contemplate evidence that was available to the prosecution at the time of the preliminary examination. The magistrate ruled that the prosecution's remedy was an

appeal of the original dismissal or a request for a continuance to adduce additional evidence, not a new examination.

On April 11, 1995, the Recorder's Court upheld the magistrate's decision, finding that defendant's due process rights were violated when the prosecution reinstated the charges against him. The court noted that the officer in charge was present at the first preliminary examination but was not called by the prosecution to testify, that the prosecution did not seek to reopen or adjourn the matter after the magistrate initially decided not to bind over defendant, and that the prosecution should have appealed that decision. The court harshly criticized the prosecutor for "harassing" defendant, finding the prosecution's actions offensive to fundamental notions of fair play and substantial justice.

The prosecution's sole argument on appeal is that the lower court erred in determining that the reinstatement of the charges against defendant violated his due process rights where the prosecution sought to present additional, noncumulative evidence at the second examination to the same magistrate who presided over defendant's preliminary examination. We agree. Interpretation of a court rule is a question of law subject to review de novo on appeal. *St George Greek Orthodox Church v Laupmanis Associates, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994).

MCR 6.110(F), involving the discharge of a defendant, provides:

> Discharge of Defendant. If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must dis-

charge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

The issue that the prosecution raises, whether the court rule's use of the term "additional evidence" contemplates "newly discovered evidence," has not been considered previously by this Court. Interpretation of a court rule is subject to the same basic principles that govern statutory interpretation. *St George Greek Orthodox Church, supra.* The mission of a court is to interpret and apply the court rule in accordance with the intent of the drafter, which, in the first instance, must be determined from the plain meaning of the language used. *Id.* In the face of unambiguous statutory language, the court has no further role in construing the court rule and may not, in the guise of a search for intent, engage in judicial construction. *Id.*

Applying these principles to the court rule in question, we find that the term "additional evidence" has a plain meaning: additional evidence is not synonymous with newly discovered evidence as defendant claims. Any doubt regarding the question is obviated by the definition of "additional" provided in Black's Law Dictionary (5th ed), p 35:

This term embraces the idea of joining or uniting one thing to another, so as thereby to form one aggregate.

By contrast, Black's defines "newly discovered evidence" as:

Evidence of a new and material fact, or new evidence in relation to a fact in issue, discovered by a party to a cause

> of action after the rendition of a verdict or judgment therein. Testimony discovered after trial, not discoverable before trial by exercise of due diligence. [*Id.* at 940.]

The term "new" "may denote novelty, or the condition of being previously unknown or of recent or fresh origin." *Id.*

Therefore, in accordance with the plain meaning of the language of the court rule, we find that the prosecution may reinstate the charges against a defendant where it seeks to present "additional evidence" at the second examination to the same magistrate who presided over the defendant's preliminary examination. The rule's reference to "additional evidence," rather than to "newly discovered evidence," must be regarded as an intentional choice by the Supreme Court not to require that a subsequent examination be based on newly discovered evidence. When the Supreme Court desires to require newly discovered evidence, it does so by using that precise terminology. See, for example, MCR 2.612(C)(1)(b).

The reference to "additional evidence" in MCR 6.110(F) redresses a problem identified by this Court in *People v Nevitt*, 76 Mich App 402, 403-404; 256 NW2d 612 (1977), where after dismissal of the charges at the conclusion of the first preliminary examination, the prosecutor recharged the defendant on the same evidence, before a different magistrate, and succeeded in obtaining a bindover following a second preliminary examination. Although this Court found the prosecutor's tactics offensive and characterized the prosecutor's methods as "judge shopping," it felt constrained to affirm the bindover, noting that "[i]f the prosecutor is of the opinion that the examining magistrate erred in not binding the defendant over

for trial, the better approach is to appeal to the circuit court." *Id.*

We agree that when the same evidence is relied on at a subsequent examination, appeal is the proper remedy. MCR 6.110(F) prevents "judge shopping" by requiring that a subsequent examination be before the same magistrate, if available, and that additional evidence be presented. In this case, the prosecution's tactics were not offensive where it sought to introduce additional evidence at a subsequent examination before the same magistrate.

Moreover, we agree with the prosecution that the effect of the lower court's ruling is to give double jeopardy protection where none exists. In *People v Miklovich*, 375 Mich 536, 539; 134 NW2d 720 (1965), the Supreme Court stated:

> The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy.

In a bench trial, jeopardy attaches once the court begins to hear evidence. *People v Hicks*, 447 Mich 819, 826-827; 528 NW2d 136 (1994) (GRIFFIN, J.), cert den ___ US ___; 115 S Ct 2282; 132 L Ed 2d 285 (1995); *People v McEwan*, 214 Mich App 690, 696, n 3; 543 NW2d 367 (1995).

We conclude that the lower courts erred in determining that the reinstatement of the charges against defendant violated due process because the prosecution sought to present additional, noncumulative evidence at the second examination to the same magistrate who presided over defendant's preliminary examination.

Our holding should not be construed to encourage a prosecutor to subject a defendant to repeated preliminary examinations. We reaffirm this Court's holding that subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in "judge-shopping." *People v Stafford,* 168 Mich App 247, 251; 423 NW2d 634 (1988); *People v Vargo,* 139 Mich App 573, 578; 362 NW2d 840 (1984).

Reversed and remanded to the 36th District Court for continuation of the preliminary examination. We do not retain jurisdiction.